William MORRELL and Evaristo Valle, Appellants,

v.

UNITED STATES of America et al., Appellee,

and

Triple "A" Machine Shop, Inc., Respondent-Impleaded-Appellee.

No. 17321.

United States Court of Appeals Ninth Circuit.

April 18, 1961.

---

Jay A. Darwin, Irwin Leff and Rex Shoop, San Francisco, Cal., for appellant.

William H. Orrick, Jr., Asst. Atty. Gen., Laurence E. Dayton, U. S. Atty., San Francisco, Cal., Keith R. Ferguson, Special Asst. to Atty. Gen., Robert H. Nicholson, Special Atty., Admiralty & Shipping Section, Dept. of Justice, Washington, D. C., for appellee.

Before POPE, HAMLIN and MERRILL, Circuit Judges.

### Order.

After a judgment in the district court dismissing their libels, 193 F.Supp. 705, libelants gave notice of appeal therefrom to this court. A motion for leave to prosecute the appeal in forma pauperis and to obtain a copy of the reporter's transcript of the trial at the expense of the United States was made to the district court. That court granted leave for libelants to prosecute their appeal in forma pauperis but denied the motion to have the reporter's transcript prepared at the expense

of the United States. The district judge said on that motion:

"It is my view that the questions on appeal can be, or may be presented adequately on the Clerk's file, namely, the pleadings, findings of fact, conclusions of law and judgment in the case, and that a reporter's transcript is unnecessary to properly test these questions on appeal."

28 U.S.C.A. § 753(f) provides in part:

"Fees for transcripts furnished in criminal or habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States *if the trial judge or a circuit judge certifies that the appeal is not frivolous but presents a substantial question.*" (Emphasis added.)

The district judge did not make the certificate mentioned in the above section.

The appellants were injured when a fellow employee released the Rottmer releasing apparatus on a life boat. The appellants do not contend that the releasing apparatus was defective or unfit for the purposes for which it was being used, thereby rendering the vessel unseaworthy. They do contend that "fit" apparatus can be used in an improper way, rendering the vessel unseaworthy.

The trial judge ruled that the only question on appeal is one of law and that in his view a reporter's transcript is not necessary to determine this question. The appellants have not brought to our attention any facts that convince us that the ruling of the trial judge should be disregarded and that this court should make the certificate referred to in Section 753(f).

Libelant's motion for a transcript at the expense of the United States is denied.